Patterson, J.
The demurrer to the separate answers of the defendants presents two questions for consideration •
First. Was the power given by chapter 656 of the Laws of 1874 to the four judges therein mentioned to designate a newspaper for the purposes of that act exhausted by the designation of the plaintiff’s newspaper, made on the 22d day of December, 1874? In determining this question it is necessary to consider the intention of the legislature in passing the enactment referred to, and it would seem that such intention was to provide a permanent means of making known to the public the daily calendars" of the courts, court notices, and such other notices in legal proceedings as are referred to in that statute. It was the substitution of a regular official newspaper, in which might be found all such notices, for the method previously in vogue of publishing judicial notices in any one of several hundred newspapers published in the city of New York that any of the judges might select. It is quite apparent, and seems to be conceded on the argument, that the principal feature of this en-, actment was the establishment of this new method of publication as a permanent arrangement. Such being the purpose of the enactment, its construction must be liberally made in furtherance of the object intended to be accomplished, and, giving such construction, it appears to me that the ease is brought within the reason of the decision in Weed v. Tucker, 19 N. Y. 422; and for the purpose of rendering the act effectual it should be interpreted as not limiting the power of the judges to whom was delegated the *670 duty of designation to the simple exercise of one act of designation or appointment. If it were the intention of the legislature that the remedial purpose of the act should not fail, then, in the event of the plaintiff ceasing to publish the calendars and notices pursuant to the act, and its contract made under the act, in consequence of the insolvency of the company, or any other cause which prevented its performance of the duty undertaken by it, the right and power to make another designation would devolve upon the majority of the judges. If ii. were necessary for them formally to revoke a prior designation in order that a new one might be made, it would seem to me to be as much within the reasonable construction of the act to sustain such power as it would be to uphold the making of a new contract, if the designation of the plaintiff had expired by lapse of time. The only question that presents any difficulty is as to the exercise of the power of revocation and redesignation while the first designated newspaper was actually in the performance of the work it undertook to do under that designation. But if the power exists, as I think it does, the conditions under which it shall be exercised, and the cause or emergency which would justify or require a new designation, must be within the control of the'judicial officers authorized to make the appointment. I can see no way on this demurrer of reviewing their action, or of adjudging as matter of law that no occasion existed for the change which they directed to be made.
The question of construction arising upon this act of 1874 is very different from that which arose in the ease of People v. Woodruff, 32 N. Y. 355, and the distinction is clearly pointed out in the opinion of Judge Davies in that ease. There the purpose of the appointment of the tax commissioners by the comptroller was declared to be merely a temporary purpose, and upon the expiration of the terms of those commissioners another appointment could be made under another law, (which is not the case here,) and hence the court held that the power of the comptroller was exhausted by the one appointment; and so, in the cases cited as to the action of boards of supervisors and other officials, the.delegation of power was for a temporary purpose, and was held to extend only to a single act. The difference is wide and radical between the two classes of cases, and I am satisfied that the reasoning in Weed v. Tucker applies to this case.
Second. It was urged in support of the demurrer that, even if a power to make a new designation survived the first designation, no effectual new designation was made in May, 1888, because of a constitutional disability on the part of the presiding justice of the supreme court to act as one of the officials by whom the designation was to be made. If this be so, then there were but two qualified judges to take part in the designation, and hence there would be no lawful exercise of the power. The provision of the constitution referred to is section 10 of article 6, which provides that the judges of the court of appeals and the justices of the supreme court shall not hold any other office or public trust. The act of designation is not holding an office, nor do I think it can be called a public trust within the meaning of this clause of the constitution. It is well known that there are several acts of the legislature which impose upon the justices of the supreme court various duties which are not strictly judicial in the sense of hearing and deciding causes, or acting in a judicial capacity in matters brought before the court in thé regular methods, or as incidental to the regular course of judicial proceedings; as, for instance, the presiding justice of the supreme court in this department has certain duties devolved upon him with reference to the drawing of grand jurors. The • justices of the supreme court may be called upon to assist in the drawing of petit jurors; the justices of the supreme court are required to certify to certain work done under special acts in the register’s office, and in the surrogate’s office; the justices of the supreme court in the First judicial district are made trustees of the library situated in the city of Hew York. All these matters *671 relate to public business, and some of them are directly connected with the courts. The designation of a newspaper under the statute of 1874 is not altogether disconnected with the administration of justice, and the act of designation of one newspaper for the publishing of the calendars of the courts and all legal notices is something which does not differ in kind from the act of a judge in directing the publication of a notice in any particular newspaper. It seems to me that the duty referred to in the act of 1874 is merely the imposition of an additional duty upon the presiding justice of the supreme court of the First department as justice, and is not to be regarded as relating to a subject foreign to the performance of judicial duty. The demurrer to the answers must be overruled, and judgment given for the defendants thereupon. But, as the questions involved are of considerable public importance, I will direct that a stay of proceedings be had under the judgment until the whole subject can be passed upon by the appellate court.